Voto particular de conformidad emitido por la
Jueza Aso-ciada Señora Pabón Charneco,
al cual se une el Juez Asociado Señor Rivera García.
Estoy conforme con la Opinión que antecede. La contro-versia que enfrentamos hoy, específicamente si una parte *468 privada y el Estado pueden otorgar un contrato retroactivo para validar la previa prestación de servicios profesionales sin haber cumplido con las formalidades relativas a la con-tratación gubernamental, ha sido objeto de análisis por este Tribunal dentro de contextos análogos al de autos.
Como bien se señala en la Opinión, tan recientemente como en Jaap Corp. v. Depto. Estado et al., 187 DPR 730, 748-749 (2013), resolvimos que es contrario a las normas sobre contratación gubernamental el otorgar un contrato con efecto retroactivo para validar un arrendamiento que se estaba llevando a cabo entre un ente privado y un mu-nicipio sin mediar contrato escrito entre las partes. Véase, además, ALCO Corp. v. Mun. de Toa Alta, 183 DPR 530 (2011). Aprovecho esta ocasión para reiterar que la norma que prohíbe la contratación gubernamental con efecto retroactivo es cónsona con los principios más fundamentales de sana administración pública y un adecuado control en los desembolsos de fondos públicos. Jaap Corp. v. Depto. Estado et al., supra, pág. 744. Lo anterior aplica tanto a los municipios como al gobierno central y sus dependencias.
Por último, resulta pertinente expresarme en cuanto a la utilización de Órdenes Ejecutivas como mecanismo para usurpar funciones propias de la Rama Legislativa, tal y como ocurrió con la Orden Ejecutiva Núm. OE-2006-23 de 22 de junio de 2006, promulgada por el entonces Gobernador de Puerto Rico, Aníbal Acevedo Vilá, cuyo propósito era autorizar la contratación gubernamental retroactiva. Sin pasar juicio sobre la validez de la referida Orden Ejecutiva, ya en Jaap Corp. v. Depto. Estado et al., supra, pág. 749 esc. 11, resaltamos los inconvenientes que había causado la contratación gubernamental retroactiva tanto en la Oficina del Contralor como en el Departamento de Justicia. A falta de delegación constitucional o legislativa a la Rama Ejecutiva del poder de reglamentar la contratación guber-namental, la actuación del otrora Gobernador violenta principios constitucionales básicos sobre separación de *469 poderes.(1) Art. I, Sec. 2, Const. ELA, LPRA, Tomo 1. Resolver lo contrario resultaría en darle validez a una clara intromisión del Poder Ejecutivo en los poderes delegados por nuestra Constitución al Poder Legislativo. Así las co-sas, este Tribunal actuó correctamente al invalidar la Or-den Ejecutiva Núm. OE-2006-23, supra.
Por todo lo anterior, estoy conforme con la Opinión emi-tida el día de hoy.

 Ello resulta aún más preocupante ante los resultados de las Elecciones Ge-nerales celebradas el 2 de noviembre de 2004, que dieron lugar a un gobierno com-partido entre los dos principales partidos políticos de Puerto Rico.